UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GUSTAF NJEI,<br><br>Defendant | Criminal No. 21cr10196<br><br>Violations:<br><br>Counts One - Two: Wire Fraud; Aiding and Abetting<br>(18 U.S.C. §§ 1343 and 2)<br><br>Count Three: Structuring to Avoid Reporting Requirements; Aiding and Abetting<br>(31 U.S.C. § 5324(a)(1); 18 U.S.C. § 2)<br><br>Count Four: Unlawful Monetary Transactions<br>(18 U.S.C. § 1957)<br><br>Count Five: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Forfeiture Allegations:<br>(18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 31 U.S.C. § 5317(c)(1), and 28 U.S.C. § 2461(c)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant Gustaf Njei ("NJEI") was an individual who resided in Massachusetts.

2. "Victim A" was an individual who resided in New Jersey. Victim A had a brokerage account with Merrill Lynch.

3. "Victim B" was a real estate company based in Florida. Victim B's business included working with real estate agents to execute transactions in real estate.

1

4.      Cooperating Witness 1 ("CW-1") was an individual who resided in Massachusetts. CW-1 recruited and worked with NJEI to open bank accounts in the District of Massachusetts, in furtherance of the scheme to defraud described below.

## The Bank Secrecy Act

5.      The Bank Secrecy Act, including Title 31, United States Code, Section 5313(a) and its related regulations, requires a domestic financial institution that is involved in a transaction for the payment, receipt, or transfer of United States currency in an amount greater than $10,000, to file a Currency Transaction Report ("CTR") for each such transaction, including but not limited to a withdrawal of cash greater than $10,000.

6.      Title 31, United States Code, Section 5324(a)(1) and Title 31, Code of Federal Regulations, Section 1010.314(a) makes it an offense to cause or attempt to cause a domestic financial institution to fail to file a report required under Title 31, United States Code, Section 5313.

7.      When filing a CTR, the financial institution must identify the individual who conducted the transaction and the individual or organization for whom the transaction was completed. The institution must treat multiple transactions as a single transaction if it has knowledge that the transactions are by, or on behalf of, the same person, and result in currency either received or disbursed by the financial institution totaling more than $10,000 during any one business day.

## Scheme to Defraud

8.      Beginning in or about July 2017, and continuing through in or about August 2017, NJEI and others known and unknown to the grand jury devised and executed a scheme and

2

artifice to defraud and for obtaining money and property from victims, by fraudulently deceiving these victims into wiring funds to a bank account opened by NJEI.

9. The scheme involved a type of fraud referred to as a "business email compromise" ("BEC"). A BEC fraud is a sophisticated scam targeting businesses and individuals involved in wire transfer payments. This type of fraud is typically carried out by compromising and/or "spoofing" legitimate business email accounts through social engineering or computer intrusion techniques (including obtaining credentials through "phishing") to cause the victims (or other individuals involved in legitimate business transactions) to conduct unauthorized transfers of funds, typically to bank accounts controlled by the scammers.

10. CW-1 recruited NJEI to open a bank account to receive and launder the proceeds of BEC fraud. CW-1 told NJEI that he was working with an individual in South Africa ("Individual 1") whom CW-1 met online. CW-1 indicated to NJEI that CW-1 had been working with Individual 1 to open bank accounts and had not gotten caught. Individual 1 provided to CW-1 the name to use for the bank account opened by NJEI: "NJEI TRADES."

11. CW-1 and NJEI agreed that approximately 60-percent of the funds wired into the account would then be sent to Individual 1 (or others working with Individual 1), and the remaining 40-percent of the funds would be withdrawn by CW-1 and NJEI for them to split.

12. On or about June 30, 2017, NJEI opened three accounts at a Bank of America branch in Framingham, Massachusetts, in furtherance of the scheme: (i) a business savings account in the name "GUSTAF F NJEI SOLE PROP DBA NJEI TRADING," with account number ending in -455 (the "BOA-455 Account"); (ii) a business checking account in the name "GUSTAF F NJEI SOLE PROP DBA NJEI TRADING," with account number ending in -237

(the "BOA-237 Account"); and (iii) a business checking account in the name "GUSTAF F NJEI SOLE PROP DBA NJEI TRADING," with account number ending in -240 (the "BOA-240 Account"; collectively, the "Fraudulent Accounts").

13. NJEI was listed as the sole owner and signatory for each of the Fraudulent Accounts. The Fraudulent Accounts had no legitimate business purpose and were created solely to receive and launder the proceeds of fraud.

Victim A – Account Takeover

14. On or about July 14, 2017, Victim A's account with Merrill Lynch was taken over by a co-conspirator of NJEI and CW-1. Merrill Lynch received a spoofed email and follow up phone call from an individual they believed to be Victim A, requesting a wire transfer from Victim A's account to the BOA-237 Account.

15. Victim A did not know of NJEI TRADING and was not doing business with anyone affiliated with that name. Victim A did not initiate or authorize any wires from their account with Merrill Lynch to the BOA-237 Account.

16. On or about July 14, 2017, Merrill Lynch wired $85,430.91 from Victim A's account to the BOA-237 Account controlled by NJEI.

17. Following this wire transfer into the BOA-237 Account, NJEI made cash withdrawals at the following Bank of America branches, which posted on or about the dates indicated:

| Date | Amount | Branch |
| --- | --- | --- |
| July 14, 2017 | $9,500 | 466 Woodward St., Waban, Massachusetts |
| July 14, 2017 | $9,500 | 29 Corinth Street, Roslindale, Massachusetts |

| July 14, 2017 | $9,000 | 235 Needham Street, Newton, Massachusetts |
| July 14, 2017 | $500 | 15 School Street, Framingham, Massachusetts |
| July 17, 2017 | $9,000 | 185 Linden Street, Wellesley, Massachusetts |
| July 18, 2017 | $9,000 | 179 Commonwealth Road, Wayland, Massachusetts |
| July 19, 2017 | $500 | 15 School Street, Framingham, Massachusetts |

18. On or about July 17, 2017, NJEI wired $34,000 to a bank account at ABSA Bank Ltd. in Johannesburg, South Africa.

19. From on or about July 14, 2017 to on or about July 18, 2017, NJEI and CW-1 made over $4,400 in personal retail purchases from the BOA-237 Account, including purchases at Footlocker, Champs, Lord & Taylor, Gamestop, and Best Buy.

Victim B – Real Estate BEC Scheme

20. Victim B, a real estate company, wired funds daily as part of its business, which included home closings.

21. On or about August 3, 2017, the owner of Victim B received what they believed was an email from a real estate agent with whom Victim B was conducting a home closing. The email requested that Victim B wire closing funds in the amount of $375,000 to the BOA-237 Account controlled by NJEI in connection with the closing. Believing the email to be legitimate, Victim B sent $375,000 by wire transfer from BB&T bank in Winston-Salem, North Carolina, to the BOA-237 Account.

22. That same day, NJEI withdrew $9,200 from the BOA-237 Account at a Bank of America branch at 1245 Worcester Rd., Natick, Massachusetts.

23. Later that same day, the owner of Victim B learned that the real estate agent had never sent the email requesting the transfer of funds.

24. On or about August 4, 2017, NJEI transferred $201,020.85 from his BOA-237 Account to his BOA-240 Account through online banking. Along with a $100 transfer from the BOA-237 Account to the BOA-240 Account on July 13, 2017, this was the only activity in the BOA-240 Account.

25. On or about August 4, 2017, NJEI transferred $148,600.75 from his BOA-237 Account to his BOA-455 Account.

## COUNTS ONE THROUGH TWO
Wire Fraud; Aiding and Abetting
(18 U.S.C. §§ 1343 and 2)

The Grand Jury charges:

26. The Grand Jury re-alleges and incorporates by reference paragraphs 1-25 of this Indictment.

27. On or about the dates set forth below, in the District of Massachusetts, and elsewhere, the defendant,

GUSTAF NJEI,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, and did aid and abet the same, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | 7/14/17 | $85,430.91 wire transfer from Victim A's account with Merrill Lynch in New York to the BOA-237 Account in Massachusetts. |
| 2 | 8/3/17 | $375,000 wire transfer from Victim B's account with BB&T bank in Winston-Salem, North Carolina, to the BOA-237 Account in Massachusetts. |

All in violation of Title 18, United State Code, Sections 1343 and 2.

## COUNT THREE
Structuring to Avoid Reporting Requirements; Aiding and Abetting
(31 U.S.C. § 5324(a)(1); 18 U.S.C. § 2)

The Grand Jury further charges:

28. The Grand Jury re-alleges and incorporates by reference paragraphs 1-25 of this Indictment.

29. On or about July 14, 2017, in the District of Massachusetts, and elsewhere, the defendant,

## GUSTAF NJEI,

knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, did cause and attempt to cause a domestic financial institution to fail to file a report under Title 31, United States Code, Section 5313, and the regulations promulgated thereunder, specifically by making a series of four currency withdrawals totaling $28,500, each under $10,000 and each at different Bank of America branch locations.

All in violation of Title 31, United States Code, Section 5324(a)(1) and Title 18, United States Code, Section 2.

8

## COUNT FOUR
Unlawful Monetary Transaction
(18 U.S.C. § 1957)

The Grand Jury further charges:

30. The Grand Jury re-alleges and incorporates by reference paragraphs 1-25 of this Indictment.

31. On or about July 14, 2017, in the District of Massachusetts, and elsewhere, the defendant,

## GUSTAF NJEI,

knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, as set forth below, where such property was derived from specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343:

| Count | Approximate Date | Description |
|---|---|---|
| 4 | 7/17/17 | $34,000 wire transfer from the BOA-237 Account to an account at ABSA Bank Ltd. in Johannesburg, South Africa. |

All in violation of Title 18, United States Code, Section 1957.

COUNT FIVE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

32. The Grand Jury re-alleges and incorporates by reference paragraphs 1-25 of this Indictment.

33. On or about the dates set forth above, in the District of Massachusetts, and elsewhere, the defendant,

GUSTAF NJEI,

conspired with CW-1 and others known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, to wit, withdrawals and wire transfers from the Fraudulent Accounts, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343 as charged in Counts One and Two, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b) conduct and attempt to conduct financial transactions, to wit, withdrawals from the Fraudulent Accounts, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity,

and which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343 as charged in Counts One through Five, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

(c) transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343 as charged in Counts One and Two, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

(d) knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, that is, funds in the Fraudulent Accounts, where such property was derived from specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343 as charged in Counts One and Two, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## WIRE FRAUD FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

34.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One and Two, the defendant,

### GUSTAF NJEI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

35.     If any of the property described in Paragraph 34, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 34 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

13

## STRUCTURING FORFEITURE ALLEGATIONS
(31 U.S.C. § 5317(c)(1))

36.     Upon conviction of the offense in violation of Title 31, United States Code, Section 5324, set forth in Count Three, the defendant,

## GUSTAF NJEI,

shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c)(1)(A), all property, real or personal, involved in the offense and any property traceable to such property.

37.     If any of the property described in Paragraph 36, above, as being forfeitable pursuant to Title 31, United States Code, Section 5317(c)(1)(A), as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B), to seek forfeiture of any other property of the defendant(s) up to the value of the property described in Paragraph 36 above.

All pursuant to Title 31, United States Code, Section 5317(1).

14

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

38. Upon conviction of the offense in violation of Title 18, United States Code, Sections 1956(h) and 1957, set forth in Counts Four and Five, the defendant,

GUSTAF NJEI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

39. If any of the property described in Paragraph 38, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 38 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
WILLIAM B. BRADY
JORDI DE LLANO
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: June 22, 2021
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

6/22/2021 @ 3:24pm